**Michael Wayne ODOM, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–83–443CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 16, 1984.

Rehearing Denied March 15, 1984.

William H. Scott, Jr., Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

The conviction is for evading arrest. Upon a plea of nolo contendere, appellant's punishment was assessed at confinement for 90 days. The only issue before us concerns whether there was compliance with TEX.CRIM.CODE PROC.ANN. art. 32A.02 (Vernon Supp.1982–1983) (Texas Speedy Trial Act). We affirm.

On December 26, 1982, appellant was arrested and charged in Cause No. 686,425. On December 30, he appeared in court for the first time with his attorney and by agreement the case was reset for trial on February 9, 1983. On January 13, the prosecutor filed a new information in Cause No. 688,735, alleging the same offense but adding the allegation of a prior conviction for enhancement of punishment. On February 9, 1983, appellant appeared in court, but his attorney was not present; Cause No. 686,425 was dismissed, appellant was advised by a lawyer present to leave, and no court action was taken on the new case as far as affecting appellant's arrest thereon nor was a future court setting established. On March 14, 1983, the state filed a written instrument announcing to the court it was ready for trial but requesting therein "at least fourteen (14) days notice as to the date of trial so that subpoenas may be requested and served upon the necessary witnesses." While several efforts were made by appellant, his mother and his bondsman to post bail on the new charge, they were unable to do so as the sheriff's office had no "open warrant." Finally on April 14, bond was posted on the new case. Appellant appeared in court with his counsel on April 20, pled "not guilty" and the case was set for trial May 5, 1983. On May 4, appellant filed his motion to dismiss for failure to provide a speedy trial and following a hearing thereon on May 6, the motion was denied. The case was again reset for June 7, when appellant appeared and the case was disposed of as set out above.

At the hearing on the motion to dismiss for failure to grant a speedy trial, appellant called the prosecutor as a witness. During cross-examination she testified:

Q. To your knowledge was the state prepared for trial in this case on February 9, 1983?

A. The State could have proceeded either under Cause Number 688,735 or on Cause Number 686,425 which 688,735 was the refile on February 9. Officer Davenport was in court. (It was shown in further testimony he was the arresting officer, and appellant acknowledged he spoke with the officer that day.)

"Once the defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the state must declare its readiness for trial then and at the time required by the Act." *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Cr.App.1979). We construe the above to be a sufficient declaration of readiness under the provisions of the Speedy Trial Act as interpreted by the Court of Criminal Appeals. In *Dees v. State*, No. 83–038 (Tex.App.—

Houston [14th Dist.], October 20, 1983, pet. pending) (not yet reported), we held a prosecutor's testimony that it was his position that the state was ready within the time period required by the statute to be an insufficient announcement of ready. However, we believe the prosecutor's testimony in the present case to be much stronger and distinguishable from the prosecutor's testimony in *Dees*.

While it is true the trial court, at some time on February 9, granted the prosecutor's motion to dismiss the older cause number, the inescapable conclusion is, as pointed out in the state's brief, that had appellant's attorney appeared in the courtroom on February 9th, one of three things would have occurred: (1) he would have been tried that day; (2) he would have requested a continuance or (3) the trial court would have reset the matter because of its congested docket. (Appellant acknowledged in his testimony that the court was in the process of trying a jury case that day). Further, had appellant not left the courtroom, after having been advised to do so by a lawyer who was present and without permission of the court, the mixup in getting him placed under arrest on the new charge would not have occurred. At any rate, the prosecutor cannot be held responsible for the failure of appellant's attorney to appear for trial nor appellant's unauthorized departure from the courtroom. While it is true that on the basis of the record before us the prosecutor could have done more than she did do to prevent the problem presented by the facts of this case, we find, as stated above, a sufficient announcement of "ready for trial" by the state to comply with the provisions of the act. Appellant's contention is overruled.

The judgment is affirmed.